UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maksud Ul Mahbub, | Case No. 18-cv-790 (DSD/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kurt Freitag, Sheriff, Freeborn County; Jack G. Serier, Sheriff, Ramsey County; John Choi, Ramsey County Attorney, Ramsey County; and Loris Swanson, Attorney General, State of Minnesota, | |
| Defendants. | |

Maksud Ul Mahbub, *pro se*;

Robert B. Roche, Ramsey County Attorney's Office, for Defendants Serier and Choi; and

Jason Marisam, Minnesota Attorney General's Office, for Defendant Swanson.

This matter is before the Court on Ramsey County Defendants' Motion to Dismiss, (ECF No. 21), and Attorney General Swanson's Motion to Dismiss, (ECF No. 27). These motions were referred for report and recommendation to the Honorable David S. Doty, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). This Court recommends that Defendants' motions be granted.

## I. PROCEDURAL BACKGROUND

Plaintiff Maksud Mahbub was convicted of one third-degree and three fourth-degree criminal-sexual-conduct offenses and sentenced to 120-months imprisonment. *State of Minnesota v. Mahbub*, 2013 WL 4779009, at *3 (Minn. Ct. App. Sept. 9, 2013) (hereinafter *Mahbub I*). Mahbub appealed, but his appeal was stayed to permit him to seek postconviction relief. *Id.* In his postconviction petition, Mahbub argued his trial counsel was ineffective for two reasons: failing to seek suppression of evidence resulting from an allegedly inaccurate affidavit supporting a search warrant and for failing to adequately investigate a corroborating witness to a victim's testimony. *Id.* at *7–*8; (Aff. of Robert B. Roche, Ex. 1, ECF No. 26). The district court denied postconviction relief. *Mahbub I*, at *7–*8.

Mahbub's direct appeal and postconviction appeal challenged the admission of certain physical evidence, *id.* at *3–*4; three instances of claimed prosecutorial misconduct, *id.* at *4–*6; the district court's response to two questions from the jury during deliberation, *id.* at *6; the cumulative effect of trial errors, *id.* at *7; and the denial of his postconviction claim concerning ineffective assistance of counsel, *id.* at *7–*8. Mahbub's appellate claims were rejected and his convictions were affirmed. *Id.* at *9.

Thereafter, Mahbub sought federal habeas relief. Mahbub brought two claims: that the trial court received evidence in violation of the evidentiary rules, resulting in Fifth, Sixth, and Fourteenth Amendment violations; and prosecutorial misconduct resulting in violations of his due process and fair trials rights. *Mahbub v. Warden, Moose Lake Prison*, 2015 WL 9665674, at *1 (D. Minn. July 20, 2015) (hereinafter *Mahbub II*),

*report and recommendation adopted by* 2016 WL 75053 (D. Minn. Jan. 6, 2016) (hereinafter *Mahbub III*). The court found Mahbub failed to exhaust state remedies, thereby defaulting his claims. *Mahbub II*, at *7, *adopted by Mahbub III*, at *2. Mahbub's federal habeas petition was dismissed with prejudice. *Mahbub III*, at *3.

"Almost two years after the Minnesota Supreme Court denied review" of Mahbub's previous appeal, he brought a second postconviction petition. *See Mahbub v. State of Minnesota*, 2017 WL 2628209, at *1 (Minn. Ct. App. June 19, 2017) (hereinafter *Mahbub IV*); (*see* Roche Aff. Ex. 3). Mahbub asserted twelve claims for relief. Relevant here, Mahbub made a due process claim "based on the state's alleged failure to disclose evidence to the defense at trial," a Due Process claim "based on the alleged incompleteness of the record on direct appeal," and "various claims based on the district court's denial of certain motions for disclosure and production in the second postconviction proceedings." *Mahbub IV*, at *1. The first claim was procedurally barred because it was known or should have been known by Mahbub at his first postconviction claim or direct appeal. *Id.* at *2. The second and third claims were denied because postconviction relief was unavailable for such claims. *Id.*

Mahbub brought another federal habeas petition. The petition was dismissed for lack of jurisdiction because Mahbub had not received authorization from the Eighth Circuit to file a second or successive habeas petition. *Mahbub v. Warden, Rush City Prison*, 2018 WL 2271026, at *1–*2 (D. Minn. May 17, 2018). Mahbub appealed, but his appeal was dismissed for want of prosecution. *Mahbub v. Warden*, Eighth Cir. Case No. 18-2440, Doc. No. 4700718 (Aug. 31, 2018).

Now, Mahbub brings a civil suit under 42 U.S.C. § 1983 asserting two claims. First, Mahbub alleges he was denied access to adequate legal resources and materials at the Freeborn County Detention Center. (Compl., at 1, ECF No. 1-1). Mahbub asserts this prevented him from timely preparing an objection to the report and recommendation—leading to the dismissal of his federal habeas petition. (Compl., at 1). Second, Mahbub asserts the Ramsey County Attorney's Office is denying him access to evidence it possesses. (Compl., at 2–3). Some defendants have moved to dismiss the complaint. (ECF Nos. 21, 27).

Simultaneously to filing this federal suit, Mahbub filed a third postconviction petition. (*See* Roche Aff., Ex. 6). That petition was promptly denied. (Roche Aff., Ex. 6).

## II. ANALYSIS

### A. Legal Standard

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Furthermore, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *accord Zink*, 783 F.3d at 1098. Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

4

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *see id.* ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action.") (quotations and citation omitted). Additionally, complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted); *accord Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d 912, 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter

5

of law." *Stringer*, 446 F.3d at 802 (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

### B.  Swanson's Motion to Dismiss

The Eleventh Amendment bars suits against a state or its agencies. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). "Under the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011). "In determining whether this exception applies, a court conducts 'a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)). Under *Ex Parte Young*, "a state attorney general cannot be sued merely as a representative of the state itself," rather, the attorney general "must have 'some connection with the enforcement of the act.'" *Id.*

Mahbub pleads no facts related to Minnesota Attorney General Lori Swanson in his complaint. She is included as a defendant in the caption. (Compl., at 1). The only other possible reference to Swanson is the inclusion of the "State of Minnesota" as a party to Mahbub's second claim related to evidence. (ECF No. 1-3, at 4). Outside of being listed as a defendant, neither Swanson nor the Minnesota Attorney General's Office are tied to any ongoing alleged violation of federal law. Moreover, Swanson is not alleged to have any enforcement authority related to the claims in Mahbub's complaint.

6

Thus, Mahbub has not pleaded a plausible claim against Swanson and she must be dismissed as a defendant.

### C. Ramsey County Defendants' Motion to Dismiss

Mahbub also asserts he was denied evidence for testing. Specifically, he asserts the Ramsey County Sheriff's Office and Ramsey County Attorney's Office violated an August 2012 state court order by withholding "disclosure of evidence from [his] first post-conviction attorney." (Compl., at 2). Mahbub asserts his efforts to "investigate 'possible' undisclosed evidence" were "stonewalled, outright rejected or pushed back requiring a court order which Ramsey County District Court refused to provide." (Compl., at 2). Mahbub asserts another order in July 2016 "denied [him] access to any withheld evidence for testing." (Compl., at 3). Mahbub claims the "withheld evidence remain[s] untested" and it "could possibly prove [the] prosecutions' [sic] known use of perjured testimonies by both complainant JJH and CF amongst others to achieve conviction." (Compl., at 3). Mahbub asserts the Ramsey County Defendants[1] prevented access to "exculpatory evidence that could demonstrate he is not guilty of committing the alleged Criminal Sexual Conducts." (Compl., at 9). This deprived Mahbub of his "liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain a new trial" in violation of his Fourteenth Amendment Due Process rights. (Compl., at 9). Mahbub further asserts this resulted in violations of his rights under the Confrontation

---

[1] Mahbub lists many defendants tied to this claim: Ramsey County Attorney John Choi, Ramsey County Commissioner Julie Kleinschmidt, seven Ramsey County Sheriff's Office members, and an Assistant Ramsey County Attorney. (ECF No. 1-3, at 3–4). Only Choi is listed in the case caption by Mahbub. These defendants are grouped together as the "Ramsey County Defendants."

7

Clause, his ability to put forth a complete defense, his Equal Protection Clause rights, his right to be heard, and his fair trial rights. (Compl., at 9). Mahbub requests access to or production of various evidence. (Compl., at 10–11).[2]

Foremost, Mahbub's claims are belied by the record. For each of his postconviction petitions, he was represented by counsel. For each of those postconviction petitions, his counsel and the Ramsey County Attorney's Office entered into a stipulation to produce the entire investigative file held by the Ramsey County Sheriff's Office. For the first postconviction petition, the Ramsey County Sheriff's Office made the "entire contents of [its] investigative files" related to Mahbub open to Mahbub's counsel. (Roche Aff., Ex. 2, at 2–3). The stipulation was approved and ordered by the court. (Roche Aff., Ex. 2, at 3). For the second postconviction petition, the Ramsey County Sheriff's Office agreed to "produce a copy of all data in its possession relating to its criminal investigation of Maksud Mahbub" with the exception of nude or semi-nude photographs of persons or evidence that was suppressed for purposes of his trial. (Roche Aff., Ex. 4, at 2). Again, the parties' stipulation was approved and ordered by the district court. (Roche Aff., Ex. 4, at 3). Mahbub's further attempts to obtain evidence were denied because the evidence was already disclosed or there was no indication that the evidence requested even existed. (Roche Aff., Ex. 5). Thus, Mahbub's claim is not plausible on its face.

---

[2] Mahbub's accompanying memorandum details how we would test the evidence to challenge his conviction. (*See, e.g.*, ECF No. 5, at 8–15 (JJH's cell phone), 16–21 (CH and JJH's video interviews), 21–24 (search warrant photographs and log), 24–32 (search warrant, application, and inventory receipt), 32–38 (interview notes)).

8

Mahbub sues the Ramsey County Defendants in their official capacities.[3] "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F,3d 531, 535 (8th Cir. 1999). To present a viable claim against Ramsey County, then, Mahbub must assert that the Ramsey County Defendants deprived him of his civil rights pursuant to an unconstitutional custom, practice, or policy. *Id.* (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, Mahbub failed to allege any fact showing the purported withholding of evidence was pursuant to any policy, custom, or practice of Ramsey County. Instead, Mahbub's claims stem from his dissatisfaction with the district court's rejection of his motions, both during his criminal prosecution and his postconviction proceedings. He fails to state a claim. *See McCroy v. Douglas Cty. Corr. Ctr.*, 394 F. App'x 325 (8th Cir. 2010) (affirming dismissal where "McCroy failed to state a claim, because he effectively sued only Douglas County, yet he did not allege that his rights were violated as a result of any policy or custom of Douglas County").

Further, Mahbub's claims appear to be *Heck*-barred. In *Heck v. Humphrey*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

---

[3] The Eighth Circuit has held that, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F,3d 531, 535 (8th Cir. 1999). Mahbub never indicates his claims are against defendants in their individual capacities. In fact, he specifically notes that he seeks no monetary damages due to the Eleventh Amendment.

9

> to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486–87 (1994) (footnote omitted). "When a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, . . . § 1983 is not an available remedy." *Skinner v. Switzer*, 562 U.S. 521, 533 (2011). While Mahbub is not directly challenging his sentence or conviction, his claims stem from dissatisfaction with the district court's rejection of his motions in the criminal and postconviction proceedings. Mahbub is directly challenging the court decisions under which his convictions were affirmed and his arguments mirror those made in his various postconviction and habeas actions. Mahbub has simply repackaged his arguments as § 1983 claims. Mahbub cannot use § 1983 to further challenge the state courts' decisions rejecting his evidentiary arguments.

Mahbub asserts his claims are not *Heck*-barred. Rather, he likens his claim to that presented in *Skinner*. In *Skinner*, the Supreme Court held DNA testing "would not 'necessarily imply' the invalidity of [Skinner's] conviction," so his claim was proper under § 1983. 562 U.S. at 534. The Court noted that while "test results might prove exculpatory, that outcome is hardly inevitable; as earlier observed, . . . results might prove inconclusive or they might further incriminate Skinner." *Id.* This Court disagrees with Mahubhb's characterization of his claims. The DNA testing in *Skinner* involved untested biological evidence. *Id.* at 528. Mahbub is not seeking untested evidence, but rather he is continuing his campaign for evidence he has already received or simply does not exist. Mahbub is not following a new avenue of argument, but instead retreading

10

down a familiar path. As such, his suit against the Ramsey County Defendants should not go forward.

### D.  Remaining Claim against Freeborn County Defendants

Mahbub asserts he was an immigration detainee held at the Freeborn County Detention Center. (Mahbub Aff. ¶ 3, ECF No. 6). He asserts the Freeborn County Detention Center, which also houses state detainees, has no criminal or civil legal resources save for a 2012 Minnesota statute book. (Mahbub Aff. ¶ 4; ECF No. 4, at 3; ECF No. 10-3, at 7–8). Mahbub's requests for criminal and civil research material, including case law, have been repeatedly denied. (Mahbub Aff. ¶ 5; ECF No. 4, at 4). Mahbub asserts he was told access to case law was provided out of the "generosity" of the Freeborn County Detention Center Senior Programmer. (Mahbub Aff. ¶ 15; ECF No. 4, at 7; ECF No. 10-3, at 11, 28). The Freeborn County Detention Center's law library's six computers block criminal and civil legal research, only allowing immigration law research. (Mahbub Aff. ¶¶ 17–19; ECF No. 4, at 9–12). Mahbub asserts he received retaliatory punishment for raising concerns with respect to the Freeborn County Detention Center's law library. (Mahbub Aff. ¶¶ 21–22; ECF No. 4, at 15–16). Because of this limited access, Mahbub asserts he was unable to effectively litigate his previous federal habeas claim. (Compl., at 1).

While it appears Freeborn County Sheriff Kurt Frietag was served on July 3, 2018, (ECF No. 32, at 1), the Freeborn County Defendants[4] have not answered Mahbub's

---

[4] Mahbub lists many defendants tied to this claim: Freeborn County Sheriff Kurt Frietag, Freeborn County Detention Center Administrator Mike Stasko, Freeborn County Detention Center Senior

complaint or responded in any way. Thus, this Court will take no action on Mahbub's access to the courts claim where the appropriate defendants have not responded.

Of further interest, it appears Mahbub is no longer housed at the Freeborn County Detention Center. (*See* ECF No. 34) (listing a Maple Grove, Minnesota address). It would be prudent for the remaining parties—Mahbub and the Freeborn County Defendants—to address whether Mahbub's access to the courts claim is moot now that he is no longer a detainee, particularly where Mahbub only seeks prospective relief.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** as follows:

1. Ramsey County Defendants' Motion to Dismiss, (ECF No. 21), be **GRANTED**.
2. Attorney General Swanson's Motion to Dismiss, (ECF No. 27), be **GRANTED**.
3. The Freeborn County Defendants be required to answer or otherwise respond to Mahbub's complaint within 14 days of the Order considering this Report and Recommendation.

[Signature on following page.]

---

Programmer Heather Coombs, and several Doe defendants. (ECF No. 1-3, at 3). These defendants are grouped together as the "Freeborn County Defendants."

Date: January 8, 2019                             *s/ Steven E. Rau*
                                                  Steven E. Rau
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Mahbub v. Frietag, et al.*
                                                  Case No. 18-cv-790 (DSD/SER)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).