# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Maksud Ul Mahbub, | Case No. 18-cv-790 (DSD/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kurt Freitag, Sheriff, Freeborn County; Jack G. Serier, Sheriff, Ramsey County; John Choi, Ramsey County Attorney, Ramsey County; and Loris Swanson, Attorney General, State of Minnesota, | |
| Defendants. | |

Maksud Ul Mahbub, *pro se*;

David J. Walker, Freeborn County Attorney's Office, for Defendant Kurt Freitag.

## I. PROCEDURAL BACKGROUND

The full procedural and factual background of this matter is set forth in this Court's previous Report and Recommendation. *Mahbub v. Freitag*, 2019 WL 502133, at *1 (D. Minn. Jan. 8, 2019), *report and recommendation adopted by* 2019 WL 501696, at *1 (D. Minn. Feb. 8, 2019).

Plaintiff Maksud Mahbub was convicted in Minnesota state court of one third-degree and three fourth-degree criminal-sexual-conduct offenses and sentenced to 120-months imprisonment. *State of Minnesota v. Mahbub*, 2013 WL 4779009, at *3 (Minn. Ct. App. Sept. 9, 2013). Following his conviction, Mahbub sought various forms of relief,

including three state postconviction petitions and two federal habeas petitions (excluding the instant action). *Mahbub*, 2013 WL 4779009; *Mahbub v. Warden, Moose Lake Prison*, 2015 WL 9665674, at *1 (D. Minn. July 20, 2015), *report and recommendation adopted by* 2016 WL 75053 (D. Minn. Jan. 6, 2016); *Mahbub v. State of Minnesota*, 2017 WL 2628209, at *1 (Minn. Ct. App. June 19, 2017); *Mahbub v. Warden, Rush City Prison*, 2018 WL 2271026, at *1–*2 (D. Minn. May 17, 2018), *appeal dismissed by Mahbub v. Warden*, Eighth Cir. Case No. 18-2440, Doc. No. 4700718 (Aug. 31, 2018); (Aff. of Robert B. Roche, Ex. 6, ECF No. 26)

Mahbub brings the instant suit under 42 U.S.C. § 1983 asserting two claims. First, Mahbub alleges he was denied access to adequate legal resources and materials at the Freeborn County Detention Center. (Compl., at 1, ECF No. 1-1). Mahbub asserts this prevented him from timely preparing an objection to a report and recommendation, leading to the dismissal of his federal habeas petition. (Compl., at 1). Second, Mahbub asserts the Ramsey County Attorney's Office is denying him access to evidence it possesses. (Compl., at 2–3). Mahbub's second claim was dismissed, so all that remains is Mahbub's claim against the Freeborn County Defendants.[1] *Mahbub*, 2019 WL 502133, at *5, *report and recommendation adopted by* 2019 WL 501696, at *1.

Mahbub asserts he was an immigration detainee held at the Freeborn County Detention Center. (Mahbub Aff. ¶ 3, ECF No. 6). He asserts the Freeborn County

---

[1] Mahbub lists many defendants tied to this claim: Freeborn County Sheriff Kurt Frietag, Freeborn County Detention Center Administrator Mike Stasko, Freeborn County Detention Center Senior Programmer Heather Coombs, and several Doe defendants. (ECF No. 1-3, at 3). These defendants are grouped together as the "Freeborn County Defendants."

2

Detention Center, which also houses state detainees, has no criminal or civil legal resources save for a 2012 Minnesota statute book. (Mahbub Aff. ¶ 4; ECF No. 4, at 3; ECF No. 10-3, at 7–8). Mahbub's requests for criminal and civil research material, including case law, have been repeatedly denied. (Mahbub Aff. ¶ 5; ECF No. 4, at 4). Mahbub asserts he was told access to case law was provided out of the "generosity" of the Freeborn County Detention Center Senior Programmer. (Mahbub Aff. ¶ 15; ECF No. 4, at 7; ECF No. 10-3, at 11, 28). The Freeborn County Detention Center's law library's six computers block criminal and civil legal research, only allowing immigration law research. (Mahbub Aff. ¶¶ 17–19; ECF No. 4, at 9–12). Mahbub asserts he received retaliatory punishment for raising concerns with respect to the Freeborn County Detention Center's law library. (Mahbub Aff. ¶¶ 21–22; ECF No. 4, at 15–16). Because of this limited access, Mahbub asserts he was unable to effectively litigate his previous federal habeas claim. (Compl., at 1).

While it appears Freeborn County Sheriff Kurt Frietag was served on July 3, 2018, (ECF No. 32, at 1), the Freeborn County Defendants have not answered Mahbub's complaint or responded in any way. As a result, this Court took no action on Mahbub's access to the courts claim in its previous Report and Recommendation. *Mahbub*, 2019 WL 502133, at *5.[2] Rather, on January 8, 2019, it recommended that the "Freeborn County Defendants be required to answer or otherwise respond to Mahbub's complaint

---

[2] This Court further noted: "Of further interest, it appears Mahbub is no longer housed at the Freeborn County Detention Center. (*See* ECF No. 34) (listing a Maple Grove, Minnesota address). It would be prudent for the remaining parties—Mahbub and the Freeborn County Defendants—to address whether Mahbub's access to the courts claim is moot now that he is no longer a detainee, particularly where Mahbub only seeks prospective relief." *Mahbub*, 2019 WL 502133, at *5 *Mahbub*, 2019 WL 502133, at *5.

within 14 days of the Order considering this Report and Recommendation." *Mahbub*, 2019 WL 502133, at *5. Then, on February 8, 2019, the District Court adopted the Report and Recommendation, ordering that the "Freeborn County defendants shall respond to the complaint within fourteen days of this order." *Mahbub*, 2019 WL 501696, at *1. Finally, on March 28, 2019, this Court ordered the Freeborn County Defendants "to answer or otherwise respond to the Complaint on or before 4/12/2019." (ECF No. 47). To date, no answer or response to the complaint has been filed by the Freeborn County Defendants.[3]

## II.   ANALYSIS

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining default judgment when, as occurred here, an opposing party fails to timely respond to a pleading." *AGCO Fin., LLC v. Littrell*, 320 F.R.D. 45, 47 (D. Minn. 2017). Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once default is entered, the "party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Entry of default judgment requires notice be provided. *Id.* Additionally, "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). While Rule 55(d) governs default judgment

---

[3] Per the Court's electronic records, the Freeborn County Attorney, David J. Walker, has been electronically served with each Court filing directing the Freeborn County Defendants to answer or otherwise respond.

against the United States, no special rules apply to state governmental entities or persons. *Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994).

As is shown above, the Freeborn County Defendants have failed to plead or otherwise defend the claim in Mahbub's complaint. Mahbub appears to have served the Freeborn County Defendants on July 3, 2018. Despite this Court's Report and Recommendation on January 8, 2019, then the Court's orders on February 8 and March 28, 2019 directed answers within 14 days, the Freeborn County Defendants have failed to interpose an answer or response to Mahbub's Complaint. There is nothing in the record excusing the Freeborn County Defendants' failure to respond to Mahbub's claim. Thus, this Court recommends default be entered against the Freeborn County Defendants.

[Continued on following page.]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Clerk of Court enter default against the Freeborn County Defendants pursuant to Rule 55(a).

Date: April 30, 2019                    *s/ Steven E. Rau*
                                        Steven E. Rau
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *Mahbub v. Frietag, et al.*
                                        Case No. 18-cv-790 (DSD/SER)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).